UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO.

05-11735 PBS

Collings MJ

| | |
|---|---|
| LAUREL MORRIS<br>Plaintiff | )<br>)<br>) |
| V. | )<br>) |
| SUN LIFE ASSURANCE COMPANY OF<br>   CANADA<br>SUN LIFE ASSURANCE COMPANY OF<br>   CANADA US EMPLOYEES GROUP<br>   LONG TERM DISABILITY INSURANCE<br>   PLAN<br>JHA, INC.<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

RECEIPT #_____
AMOUNT $250
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 8/22/05

**COMPLAINT WITH JURY DEMAND**

**Parties**

1.  Plaintiff is Laurel Morris ("Ms. Morris") an individual having a usual place of residence at South Weymouth, Norfolk County, Massachusetts.

2.  Defendant is Sun Life Assurance Company of Canada ("Sun Life") an insurance subsidiary of Sun Life Financial, authorized to engage in the business of insurance in the Commonwealth of Massachusetts, and is the insurer of defendant Sun Life Assurance Company of Canada US Employees Group Long Term Disability Insurance Plan, having a place of business at One Sun Life Executive Park, Norfolk County, Wellesley Hills, Massachusetts.

1

3. Defendant is Sun Life Assurance Company of Canada US Employees Group Long Term Disability Insurance Plan ("LTD Plan"), having a place of business at One Sun Life Executive Park, Norfolk County, Wellesley Hills, Massachusetts.

4. Defendant JHA, Inc., a subsidiary of General Re Life Corporation – a Berkshire Hathaway Company ("JHA") --, is a corporation existing under the laws of the state of Maine having a usual place of business at 120 Exchange Street, Portland, Maine.

### Jurisdiction and Venue

5. This Court has original jurisdiction for claims for benefits arising under 29 U.S.C. § 1132.

6. Venue is proper before this Court, because the plaintiff resides in the eastern district of the Commonwealth of Massachusetts.

7. Jurisdiction is asserted over JHA to the extent permitted by the applicable "long arm statute," and because JHA has been engaged in the business of insurance by evaluating, in whole or in part, the plaintiff's claim for disability benefits, and has undertaken fiduciary activity subjecting it to suit in Massachusetts under the Employee Retirement Income Security Act of 1974 as amended.

### Facts Common to All Counts

8. At all times material hereto, Ms. Morris had been employed as a full time employee of of Sun Life as a senior claims administrator in the disability department of Sun Life.

9. At all times relevant hereto, Ms. Morris was a beneficiary under the LTD Plan.

10. The Plan is an "employee welfare benefit plan," as defined by ERISA,

29 U.S.C. § 1002(1), and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

11. Sun Life insures the Plan and is jointly liable with the Plan Administrator for payment of benefits under the Plan.

12. Ms. Morris is a "participant" in the Plan, as defined by ERISA, 29 U.S.C. § 1002(7).

13. Sun Life is the Plan Sponsor and Plan Administrator within the meaning of ERISA, 29 U.S.C. § 1002(16)(B).

14. From 1988 until the on-set of her disability, Ms. Morris was employed as senior claim administrator in the disability benefits department at Sun Life within the Commonwealth of Massachusetts.

15. On or about April 16, 2001, Ms. Morris, while in the course of her employment, suffered a Lis Franc fracture dislocation of her right front foot while on the premises of Sun Life Financial in Montreal, Canada.

16. On or about May 10, 2001, Ms Morris underwent an operation at the Beth Israel Deaconess Medical Center, by a surgeon who completed an internal fixation of the Lis Franc fracture dislocation.

17. Ms. Morris also suffered from, and continues to suffer from diabetes, neuropathy in both feet and other ailments materially affecting her ability to engage in every day functions.

18. Ms. Morris remains under the care of various treating physicians.

19. At all times material hereto, and since at least October 15, 2001, Ms. Morris has been "totally disabled" within the meaning of the terms of the LTD Plan, and has been entitled under the Plan to be paid both under the "own occupation" and "any occupation"

provision in the LTD Plan.

20. Since October 15, 2001 through on or about December 4, 2003, Sun Life and the LTD Plan paid benefits to Ms. Morris, subject to a workers' compensation offset, under the "own occupation" provision of the LTD Plan.

21. The United States Social Security Administration ("SSA"), by a written decision containing specific findings of fact and rulings of law dated March 19, 2003 by Administrative Law Judge, Joel L. Gardiner, found that Ms. Morris had been disabled and remains disabled from gainful employment effective April 16, 2001.

22. Under the LTD Plan, Ms. Morris was required to seek benefits from the SSA, or Sun Life, JHA and the LTD Plan, would estimate the benefits that she might expect to receive and reduce that sum from her monthly benefit payment.

23. At the date that Sun Life, the LTD Plan and JHA made an adverse benefit decision refusing to pay disability benefits to Ms. Morris under the "any occupation" provision of the LTD Plan, Sun Life, the LTD Plan and JHA were all aware that the SSA had awarded benefits to Ms. Morris finding that she had met the strict definition of disability under the SSA.

24. In evaluating Ms. Morris' claim for benefits, Sun Life and the LTD Plan allowed JHA to make claims decisions, including a decision, to deny benefits to Ms. Morris.

25. Under the terms of the LTD Plan, neither the LTD Plan or Sun Life were permitted to grant fiduciary authority to JHA without following the requirements of 29 U.S.C. § 1105( c) which it did not do so.

26. In order to support its benefit denial, Sun Life, the LTD Plan and JHA relied on the opinion of Dr. Robert Y. Pick MD, who performed a cursory and limited record review, and without reasonable explanation rejected the opinions of Ms. Morris' treating physician opinions regarding her significant occupational impairment.

27. Dr. Robert Y. Pick, MD, has not practiced clinical medicine since the late 1980s and appears to earn his living reviewing claims files for insurance companies.

28. JHA retained Dr. Robert Y. Pick, MD, through Network Medical Review - Elite Physicians of Rockford, Illinois ("NMR"), an organization owned and controlled by Dr. Robert Porter, MD. NMR regularly reviews ERISA disability claims on behalf of insurers such as Fortis - Assurant, MetLife Disability, Sun Life, Liberty Life Assurance Company of Boston and others.

29. NMR is paid substantial sums of money each year by insurers, including Fortis-Assurant, MetLife Disability, Sun Life, Liberty Life Assurance Company of Boston and others.

30. NMR advises its reviewing doctor not to use certain language in writing disability opinions.

31. Dr. Robert Y. Pick, MD was not an "independent medical reviewer."

32. In order to support its benefit denial, Sun Life, the LTD Plan and JHA relied on the opinion of Dr. Henry DeGroot, MD, who examined Ms. Morris, and without reasonable explanation rejected the opinions of Ms. Morris' treating physician opinions regarding her significant occupational impairment. He concluded that she could work but only if provided an accommodation, a provision not found in the LTD Plan.

33. Dr. DeGroot was not an "independent medical reviewer."

34. Dr. DeGroot, MD was also retained through NMR.

35. In order to support its benefit denial, Sun Life, the LTD Plan and JHA also relied on a cursory record review by Dr. Sandra Stratford, MD.

36. Dr. Sandra Stratford, MD does not practice clinical medicine, and she was not an "independent medical reviewer."

37. Ms. Morris has exhausted her administrative remedies under the LTD Plan and under ERISA.

### Count I

### Benefits Due From Sun Life, JHA and the LTD Plan under ERISA, 29 U.S.C.§ 1132

38. Ms. Morris realleges paragraphs 1 through 37 and incorporates the same by reference as if fully set forth herein again.

39. Sun Life's, the LTD Plan's and JHA's decision to deny benefits must be reviewed *de novo*, because neither Sun Life or the LTD Plan of JHA was granted discretionary review authority.

40. As the *de facto* plan administrator and benefit payor, Sun Life is operating under a conflict of interest, and to the extent that Sun Life contends that its decision to terminate and deny benefits under the discretionary standard of review, that contention must be denied, and Sun Life's decision must be reviewed under a *de novo* standard of review.

41. To the extent the LTD Plan or Sun Life had been granted discretionary authority (plaintiff specifically contends that the language in the LTD Plan is insufficient to infer

discretionary review), that authority must be denied, for many reasons, including:

    a.    its failure to engage in a fair claims review process required under ERISA and under United States Secretary of Labor regulations set forth at 29 C.F.R. § 2560.503-1.

    b.    its failure to produce all "pertinent" and "relevant" documents as required under United States Secretary of Labor regulations set forth at 29 C.F.R. § 2560.503-1.

    c.    encouraging Sun Life employees to engage in wholesale violations of ERISA by setting financial targets for terminating benefit claims and denying benefit claims. For example, Sun Life employee Steve Bailey set forth in a written program rewards for terminating and closing claims. The specifics are set forth on the attached EXHIBIT A..

42.    JHA had no authority to deny benefits to Ms. Morris as it was not a duly authorized under 29 U.S.C. section 1105(c) to engage in fiduciary functions.

43.    Sun Life's, the LTD Plan's and JHA's decision to deny Ms. Morris's benefits under the LTD Plan are wrongful whether determined under *de novo* standard, or the arbitrary and capricious standard, or the heightened scrutiny standard of review.

44.    Ms. Morris fulfilled all of the requirements for obtaining benefits under the Sun Life insurance policy and the LTD Plan.

45.    As a result of Sun Life's, the LTD Plan's and JHA's refusal and failure to pay to Ms. Morris disability benefits provided to her and to those participants who are totally disabled, Ms. Morris is entitled to relief against the LTD Plan, Sun Life and JHA to

recover benefits due to her under the terms of the LTD Plan and insurance policy, to enforce her rights to benefits under the LTD Plan and to clarify her rights to future benefits under the LTD Plan and insurance policy, pursuant to 29 U.S.C. § 1132.

### Count II

### Breach of Contract Against Sun Life

46. Ms. Morris realleges paragraphs 1 through 45 and incorporates the same by reference as if fully set forth herein again.

47. Ms. Morris is a direct, or intended third party beneficiary of an insurance contract between her employer Sun Life and Sun Life Assurance Company of Canada.

48. Sun Life Assurance Company of Canada breached that insurance contract, and caused Ms. Morris to suffer damages.

### Count III

### Failure to Timely Provide Plan Documents

49. Ms. Morris realleges paragraphs 1 through 48 and incorporates the same by reference as if fully set forth herein again.

50. By letter dated September 27, 2004, counsel to Laurel Morris made written request to Sun Life and JHA for the Summary Plan Description and Plan documents relating to the LTD Plan.

51. Sun Life and JHA., did not produce documents certain documents requested, and required to be produced under ERISA and the accompanying Department of Labor regulations.

52. Pursuant to 29 U.S.C. § 1024(b)(4) the plan administrator shall, whether *de facto* or actual, upon written request of a participant, furnish a copy of the "other instruments under which the plan is operated," and a summary plan description.

53. Both Sun Life and JHA, failed to provide the requested documents within thirty days, are a subject to a penalty of as described in 29 U.S.C. § 1132( c)(1) of up to $110/per day beginning on the thirty-first (31st) day.

WHEREFORE, plaintiff Laurel Morris demands relief and judgment, jointly and severally, against all of the defendants as follows:

1. In an amount of damages to be determined by this Court, or jury, plus pre-judgment interest, post-judgment interest, costs and reasonable attorneys' fees allowed by statute or otherwise.

2. Injunctive relief declaring the rights and duties of the plaintiff and defendants with respect to past benefits owed to the plaintiff, and future benefits to be paid to the plaintiff.

3. For an order precluding a remand of this matter for further determination by the defendants regarding the denial of benefits.

4. For a penalty in the amount of $110.00 per day for each day after October 28, 2004, that all defendants failed to timely deliver "other instruments under which the plan is operated."

5. For such other relief as this Court deems just and proper.

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL ISSUES TRIABLE BY JURY.**

LAUREL MORRIS

Jonathan M. Feigenbaum, Esq.
B.B.O. N#546686
Philips & Angley
One Bowdoin Square
Boston, MA 02114
Tel. No. : (617) 367-8787

L:\Lmor002\complaint.wpd

**Sun Life Assurance
Company of Canada**

**Trista Higgins**
06/26/2002 05:26 PM

To: Margaret Bailey/Group/USHO/SunLife@SunLife, Jackie Ingemi/Group/USHO/SunLife@SunLife, Alice Kern/Group/USHO/SunLife@SunLife, Erin Martland-Kile/Group/USHO/SunLife@SunLife, Aimee Sabourin/Group/USHO/SunLife@SunLife, Barry Scciaro/Group/USHO/SunLife@SunLife, Amy Logue/Group/USHO/SunLife@SunLife, Muriel Smith-Codio/Group/USHO/SunLife@SunLife, Peter Mahoney/Group/USHO/SunLife@SunLife, Jason Binette/Group/USHO/SunLife@SunLife, Kyle Biedenbach/Group/USHO/SunLife@SunLife, Gordon Simmons/Group/USHO/SunLife@SunLife, Alissa Arnold/Group/USHO/SunLife@SunLife, Pamela Caswell/Group/USHO/SunLife@SunLife, Lynn Della Pasqua/Group/USHO/SunLife@SunLife, Brian Skowronski/Group/USHO/SunLife@SunLife, Michele Skafidas/Group/USHO/SunLife@SunLife, Jill Theisen/Group/USHO/SunLife@SunLife, Brenda Dunn/Group/USHO/SunLife@SunLife, Bryan Mann/Group/USHO/SunLife@SunLife, Jeff Strickland/Group/USHO/SunLife@SunLife, Brian Sullivan/Group/USHO/SunLife@SunLife, Cecile March/Group/USHO/SunLife@SunLife, William Harney/Group/USHO/SunLife@SunLife, Roxanne Lowe/Group/USHO/SunLife@SunLife, Maureen Kriff/Group/USHO/SunLife@SunLife, Natalie Jurczenko/Group/USHO/SunLife@SunLife, Marie King/Group/USHO/SunLife@SunLife, Laurine Bower/Group/USHO/SunLife@SunLife, LeeAnn Prior/Group/USHO/SunLife@SunLife, Carolyn Wentzell/Group/USHO/SunLife@SunLife, Virginia Nelson/Group/USHO/SunLife@SunLife, Sandra Decoff/Group/USHO/SunLife@SunLife, Melissa Behl/Group/USHO/SunLife@SunLife, Lynnda Lowe-Salek/Group/USHO/SunLife@SunLife, John Fontaine/Group/USHO/SunLife@SunLife

cc: Judy Julien/Group/USHO/SunLife@SunLife, Beth Bixler/Group/USHO/SunLife@SunLife, Craig Schmidt/Group/USHO/SunLife@SunLife, Shawn Smith/Group/USHO/SunLife@SunLife

Subject: Note from Steve



Over the past months, we have been talking quite a bit about "Kicking It Up a Notch", creating an environment for individuals to excel on professional performance and contribute to positive results within our division. We want an atmosphere where we all can have fun, continue to improve our knowledge and skills in doing our jobs and feel like we can individually and through our teams have a impact on the bottomline results of the business.

000000067

Currently, we are behind approximately $1,000,000 from the original plan projection for the month of June. I know you are all working hard to provide the claim resolutions needed to meet our goals. Realistically, it will be very difficult, if not impossible, to achieve the planned terminations/denials of 271 by the end of the month, especially considering that we are currently at 166 terminations/denials. We want to foster further enthusiasm and excitement toward improving our current results, as each proper claim resolution can have a very positive effect on the bottomline financial results for the month of June.

In an effort to create enthusiasm within our staff and also recognize your efforts, we will conduct a lottery of the following items:



$250.00 Gift Certificate
$100.00 Gift Certificate
$ 50.00 Gift Certificate

The lottery rules are as follows:

1) Each individual in LTD will be awarded 1 chance.
2) For each appropriate closure or termination completed on Thursday and/or Friday, each individual performing the closure/termination (and each individual directly supporting the process) will be award 3 chances.
3) For each appropriate closure or termination completed on Saturday and/or Sunday, each individual performing the closure/termination (and each individual directly supporting the process) will be award 6 chances.

On Monday, we will conduct a random drawing of the combined chances and the prizes will be awarded.

This is a great opportunity for you to contribute to the success of the business along with enjoying some personal and professional enjoyment from your hard work and efforts.

*Let's "Kick it Up a Notch"*

Thank you,
Steve

000000068

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Laurel Morris v. Sun Life Assurance Company of Canada__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ] I.  160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
    - [x] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases
    - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
    - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
    - [ ] V.  150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    n/a

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES [ ]   NO [x]
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES [x]   NO [ ]

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division [x]   Central Division [ ]   Western Division [ ]

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Jonathan M. Feigenbaum__
ADDRESS __Phillips & Angley, One Bowdoin Square, Boston, MA 02114__
TELEPHONE NO. __617-367-8787__

(CategoryForm.wpd - 5/2/05)

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Laurel Morris

### DEFENDANTS
Sun Life Assurance Company of Canada; Sun Life Assurance Company of Canada US Employees Group Long Term Disability

(b) County of Residence of First Listed Plaintiff: **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Norfolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jonathan M. Feigenbaum, Phillips & Angley, One Bowdoin Sq., Boston, MA 02114; 617-367-8787

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC 1132

Brief description of cause:
Plaintiff seeks to recover disability benefits, attorneys' fees, costs and interest.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE: 08/22/2005
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____