UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAUREL MORRIS,<br>        Plaintiff<br><br>        V.<br><br>SUN LIFE ASSURANCE COMPANY OF<br>CANADA;<br>SUN LIFE ASSURANCE COMPANY OF<br>CANADA US EMPLOYEES GROUP LONG<br>TERM DISABILITY INSURANCE PLAN;<br>JHA, INC.,<br>        Defendant | CIVIL ACTION NO. 05-11735-PBS |

**DEFENDANTS' MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT**

The defendants, Sun Life Assurance Company of Canada, Sun Life Assurance Company

of Canada US Employees Group Long Term Disability Insurance Plan, and JHA, Inc.

(collectively "the Defendants") move this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss

Count II of the plaintiff's Complaint.

The grounds for this motion are fully set forth in the accompanying Memorandum of Law

and can be summarized as follows:

1.      In this case, the plaintiff, Laurel Morris ("Ms. Morris"), seeks to recover damages

allegedly sustained as a result of Sun Life Assurance Company of Canada's ("Sun Life") denial

of her claim for long term disability benefits pursuant to a group long term disability policy

provided to Ms. Morris by her employer as part of its employee welfare benefit plan.

2.      Because the plaintiff's state law claim for breach of contract set forth in Count II

of her Complaint relates to an employee welfare benefit plan, it is preempted by the Employee

Retirement Income Security Act ("ERISA") 29 U.S.C. §1001 et. seq. ERISA provides the

exclusive remedy for plaintiff's claim and preempts recovery under the state law claims, which

the plaintiff has plead in Count II of her Complaint. See Pilot Life Insurance Company v.

Dedeaux, 481 U.S. 41 (1987).

      3.     Because the plaintiff's only remedy is pursuant to ERISA, the plaintiff in Count I

asserts a claim for benefits under ERISA, 29 U.S.C. §1132(a)(1)(B) and the plaintiff admits in

her Complaint that she was a participant in a long term disability plan that is an employee

welfare benefit plan as defined by ERISA (Complaint ¶10), the plaintiff's claim for breach of

contract asserted in Count II fails to state a claim upon which relief can be granted.

      WHEREFORE, the Defendants' motion to dismiss Count II of the plaintiff's Complaint

should be allowed.

<div style="margin-left:50%">

SUN LIFE ASSURANCE COMPANY OF
CANADA, SUN LIFE ASSURANCE
COMPANY OF CANADA US
EMPLOYEES GROUP LONG TERM
DISABILITY INSURANCE PLAN, AND
JHA, INC.

By its attorneys,


     /s/ Kristina H. Allaire
_____
Joan O. Vorster, Esq., BBO #550375
Kristina H. Allaire, BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:   (508) 791-8502

</div>

Dated: September 21, 2005

## RULE 7.1 CERTIFICATION

I, Kristina H. Allaire, certify that on September 15, 2005 I discussed this motion with

plaintiff's counsel, Jonathan M. Feigenbaum, Esq., in an attempt to resolve it or narrow the

issues.

    /s/ Kristina H. Allaire
Kristina H. Allaire, Esq.


## CERTIFICATE OF SERVICE

I, Kristina H. Allaire, hereby certify that I have this day served a copy of the foregoing
document, by mailing a copy, first class mail, postage prepaid, to Jonathan M. Feigenbaum, Esq.,
Phillips & Angley, One Bowdoin Square, Boston, MA 02114.

                                              /s/ Kristina H. Allaire
                                              Kristina H. Allaire, Esq.

Dated: September 21, 2005