UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAUREL MORRIS,<br>         Plaintiff<br><br>V.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA; SUN LIFE ASSURANCE COMPANY OF CANADA US EMPLOYEES GROUP LONG TERM DISABILITY INSURANCE PLAN; AND JHA, INC.,<br>         Defendant | CIVIL ACTION NO. 05-11735-PBS |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS**

**NATURE AND STATUTE OF PROCEEDINGS**

In this case, the plaintiff, Laurel Morris ("Ms. Morris") seeks to recover damages allegedly sustained as a result of Sun Life Assurance Company of Canada's ("Sun Life") denial of her claim for disability benefits pursuant to a group long term disability insurance policy ("LTD Policy") provided to Ms. Morris by her employer as part of its employee welfare benefit plan (the "Plan").

Plaintiff has filed a Complaint that contains three Counts. In Count I, she seeks to recover long term disability benefits under ERISA, 29 U.S.C. §1132(a)(1)(B). Count II of her Complaint seeks damages for breach on contract. Count III seeks penalties under ERISA, 29 U.S.C. §1132(c)(1) for failure to timely produce Plan documents.

The defendants, Sun Life Assurance Company of Canada, Sun Life Assurance Company of Canada US Employees Group Long Term Disability Insurance Plan, and JHA, Inc.

(collectively "the Defendants") have moved pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Count II of the plaintiff's Complaint because the alleged state law claim for breach of contract is preempted by the Employee Retirement Income Security Act 29 U.S.C. §1001 ("ERISA").  This Memorandum of Law is submitted in support of the Defendants Motion to Dismiss.

## STATEMENT OF FACTS[1]

Ms. Morris was employed by Sun Life as a Senior Claims Administrator in the disability department. (Complaint at ¶8). Ms. Morris was a participant under the Plan. (Complaint ¶9, 12). Ms. Morris admits that the Plan is an employee welfare benefit plan as defined by ERISA. (Complaint ¶10).  Although incorrect, Ms. Morris claims that Sun Life is the plan administrator as well as the insurer of the Plan. (Complaint at ¶11, 13). On or about April 16, 2001, Ms. Morris suffered a Lis Franc fracture dislocation of her right front foot. (Complaint at ¶15). Sun Life paid Ms. Morris long term disability benefits from October 15, 2001 through December 4, 2003 under the "own occupation" provision of Plan. (Complaint at ¶20). On or about December 4, 2003, Sun Life determined that while Ms. Morris may have met the definition of total disability under the own occupation portion of her policy, she did not meet the definition of total disability under the "any occupation" portion of her policy. Sun Life discontinued benefit payments under the Plan. (Complaint at ¶32).

### III.    ARGUMENT

A.    <u>The State Law Claims Are Preempted By ERISA.</u>

In her Complaint, Ms. Morris alleges that Sun Life breached its contract with her when it denied her disability benefits (Count II). This claim must be dismissed because it is preempted by ERISA.

---

[1]    All facts are drawn from the plaintiff's Complaint.

The mechanics of ERISA preemption entail a two-step inquiry. The threshold issue is whether an employee benefit plan, as defined by ERISA, exists. Ms. Morris admits in her Complaint that an employee benefit plan, as defined by ERISA, exists and that Ms. Morris' coverage is governed by ERISA. (Complaint ¶8-10). Therefore, the only question is whether Ms. Morris' state law cause of action "relates to" the Plan so as to be superseded by ERISA's exclusive remedial provisions. See Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41 (1987).

B.  Ms. Morris' Breach of Contract Claim "Relates To" An Employee Welfare Benefit Plan And Is Preempted By ERISA.

All state law claims that "relate to" employee welfare benefit plans, including any common law and state statutes, are preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq., ("ERISA"). Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41 (1987). ERISA provides, with certain narrow exceptions, that the rights, regulations and remedies afforded by ERISA "supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 144(a) (emphasis added).

The Supreme Court has repeatedly made it clear that the preemption provision of ERISA is extremely broad. See, e.g., Pilot Life, 481 U.S. 45-46 ("the express preemption provision of ERISA are deliberately expansive"); Shaw v. Delta Airlines, Inc., 463 U.S. 95 (1983) ("the breadth of 29 U.S.C. § 1144(a)'s preemptive reach is apparent . . ."). The Supreme Court has employed a similarly broad definition in determining whether a law "relates to" an employee welfare benefit plan. "A state law 'relates to' a benefit plan . . . if it has a connection with or reference to such a plan." Id. at 96-97. Furthermore, because Congress used the phrase "relate to" in its broad sense, the Supreme Court has "emphasized that the pre-emption clause is not limited to 'state laws specifically designed to affect employee benefit plans.'" Pilot Life, 461

U.S. at 47-48.  Accord, Shaw, 463 U.S. at 98 (preemption clause should not "be interpreted to preempt only state laws dealing with the subject matters covered by ERISA -- reporting, disclosure, fiduciary responsibility, and the like").

In addition, in Pilot Life, the Supreme Court also held that ERISA provides the exclusive remedy for obtaining benefits under an employee benefit plan.  In Pilot Life, the plaintiff brought a common law "tortious breach of contract" claim, described as arising under "the Mississippi law of bad faith," seeking damages allegedly resulting from an insurance company's denial of benefits under an insurance policy provided by his employer. Pilot Life, 481 U.S. at 51.  The Supreme Court held that this claim, regardless of the name attached to it, was preempted because the state law at issue "related to" an employee benefit plan.  Accord, Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58 (1987) (suit for breach of contract, reinstatement of benefits, and mental anguish preempted by ERISA).

The First Circuit has followed this broad application of ERISA's preemption clause.  The First Circuit has stated that a law is expressly preempted by ERISA "where a plaintiff, in order to prevail, must plead, and the Court must find that an ERISA plan exists."  Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994).  A law is expressly preempted by ERISA where "the court's inquiry must be directed towards the plan." Carlo v. Reed Rolled Thread, 49 F.3d, 794 (1st Cir. 1995).  Where the plaintiff will have to prove either that the defendant improperly adjudicated her as ineligible for benefits, which directly concerns plan administration, or that she was qualified for benefits, which requires proof of the plans specific terms, state law claims are preempted.  McMahon v. Digital Equipment Corp., 162 F.3d 28 (1st Cir. 1998).

The breach of contract claim in Count I is preempted by ERISA. In this count, Ms. Morris claims that Sun Life breached the policy by denying her disability benefits.

(Complaint, ¶48). It would be difficult to think of a state law that "relates" more closely to an employee benefit plan than one that affords remedies for the breach of obligations under the Plan. Harris v. Harvard Pilgrim Health Care, Inc., 20 F. Supp. 2d 143, 147-148 (D. Mass. 1998). Furthermore, because the Plan is governed by ERISA this claim is, in substance, an alternative enforcement mechanism to that set forth in ERISA, and is thus preempted. Danca v. Private Health Care Sys., 185 F.3d 1, 6 (1st Cir. 1999).

This result is well supported by recent jurisprudence. See McMahon, 162 F.3d at 38 (breach of contract claim preempted); Turner v. Fallon Community Health Plan, Inc., 127 F.3d 196, 199-200 (1st Cir. 1997), cert. denied, 523 U.S. 1072 (1998) ("anything akin to a contract claim looks hopeless"; breach of contract claim against insurer preempted); Wickman v. Northwestern Mutual Life, Ins. Co. 908 F.2d 1077 (1st Cir. 1990) (breach of contract and common law tort claims preempted by ERISA); Fitzgerald v. Codex Corp., 882 F.2d 586 (1st Cir. 1989) (state law tort, breach of contract and wrongful discharge claims are preempted by ERISA); Harris, 20 F. Supp. 2d at 147-148 (breach of contract claim against plan administrator preempted); Desrochers v. Hilton Hotels Corp., 28 F. Supp. 2d 693, 694 (D. Mass. 1998)(breach of contract claim preempted); Ryan v. Fallon Community Health Plan, 921 F.Supp. 34, 38 (D. Mass. 1996) (breach of contract preempted); Tarr v. State Mutual Life Assurance Co. of America, 913 F. Supp. 40, 43 (D. Mass. 1996).

Accordingly, Count II must be dismissed because it is preempted by ERISA.

## CONCLUSION

For each of the foregoing reasons, Defendants' motion to dismiss should be allowed.

                                            SUN LIFE ASSURANCE COMPANY OF CANADA, SUN LIFE ASSURANCE COMPANY OF CANADA US EMPLOYEES GROUP LONG TERM DISABILITY INSURANCE PLAN, AND JHA, INC.

                                            By its attorneys,

                                            /s/ Kristina H. Allaire
                                          Joan O. Vorster, Esq., BBO #550375
                                          Kristina H. Allaire, Esq., BBO #646001
                                          Mirick, O'Connell, DeMallie & Lougee, LLP
                                          100 Front Street
                                          Worcester, MA 01608-1477
                                          Phone: (508) 791-8500
                                          Fax:    (508) 791-8502

Dated: September 21, 2005

## CERTIFICATE OF SERVICE

    I, Kristina H. Allaire, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Jonathan M. Feigenbaum, Esq., Phillips & Angley, One Bowdoin Square, Boston, MA 02114.

                                            /s/ Kristina H. Allaire
                                          Kristina H. Allaire, Esq.

Dated: September 21, 2005