UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

LAUREL MORRIS,
       Plaintiff

V.

SUN LIFE ASSURANCE COMPANY OF
CANADA; SUN LIFE ASSURANCE
COMPANY OF CANADA US EMPLOYEES
GROUP LONG TERM DISABILITY
INSURANCE PLAN; AND
JHA, INC.,
       Defendant

CIVIL ACTION NO. 05-11735-PBS

## DEFENDANTS' ANSWER TO COUNTS I AND III OF PLAINTIFF'S COMPLAINT

The defendants, Sun Life Assurance Company of Canada ("Sun Life"), Sun Life

Assurance Company of Canada US Employees Group Long Term Disability Insurance Plan (the

"Plan"), and JHA, Inc. (collectively the "defendants"), answer Count I and Count III of the

plaintiff's Complaint as follows:

1.      The defendants admit based on information and belief that the plaintiff is an

individual having a usual place of residence in South Weymouth, Norfolk County,

Massachusetts.

2.      The defendants admit the allegations contained in paragraph 2.

3.      The defendants admit the allegations contained in paragraph 3.

4.      The defendants admit the allegations contained in paragraph 4.

5.      The defendants admit the allegations contained in paragraph 5.

6.      The defendants do not contest that venue is proper before this Court.

7.      Paragraph 7 contains contentions of law to which no response is required.  The defendants do not contest that this Court has jurisdiction over JHA, Inc.

8.      The defendants admit that prior to April 16, 2001, Ms. Morris was employed full-time with Sun Life.  The defendants deny the remaining allegations of paragraph 8.

9.      The defendants admit that Ms. Morris was a participant in the Plan.  The defendants deny the remaining allegations of paragraph 9.

10.     The defendants admit the allegations contained in paragraph 10.

11.     The defendants admit that Sun Life provided the policy to the Plan and is solely responsible for the payment of benefits under the Plan.  The defendants deny the remaining allegations of paragraph 11.

12.     The defendants admit the allegations contained in paragraph 12.

13.     The defendants admit that Sun Life is the claims administrator and that the Plan is the plan sponsor and plan administrator within the meaning of ERISA.  The defendants deny the remaining allegations contained in paragraph 13.

14.     The defendants admit that from 1988 until the date of her alleged disability, Ms. Morris was employed with Sun Life in Massachusetts.  The defendants deny the remaining allegations of paragraph 14.

15.     The defendants admit that on or about April 17, 2001, Ms. Morris suffered a Lis Franc fracture dislocation of her right foot on the premises of Sun Life Financial in Montreal, Canada.  The defendants deny the remaining allegations of paragraph 15.

16.     The defendants admit based on information and belief the allegations of paragraph 16.

17.     The defendants admit based on information and belief that Ms. Morris has diabetes.  The defendants deny the remaining allegations in paragraph 17.

18.     The defendants admit based on information and belief that up until the time her benefits were terminated, Ms. Morris continued to see a physician.  The defendants deny the remaining allegations in paragraph 18.

19.     The defendants admit that Sun Life paid Ms. Morris total disability benefits under the "own occupation" provisions of the Plan from October 15, 2001 – December 4, 2003.  The defendants deny the remaining allegations of paragraph 19.

20.     The defendants admit that Sun Life paid Ms. Morris total disability benefits under the "own occupation" provisions of the Plan from October 15, 2001 – December 4, 2003 under the terms of the Plan.  The defendants deny the remaining allegations of paragraph 20.

21.     The Social Security Administration ("SSA") decision referenced in paragraph 21 speaks for itself and therefor no further answer is required as to the allegations of paragraph 21.

22.     The Plan, referenced in paragraph 22 speaks for itself and therefor no further answer is required as to the allegations of paragraph 22.

23.     The defendants admit that the defendants were aware that Ms. Morris was receiving SSA benefits at the time Sun Life determined that Ms. Morris no longer met the definition of totally disabled under the Plan.  The defendants deny the remaining allegations of paragraph 23.

24.     The defendants admit that JHA, acting as Sun Life's agent, evaluated Ms. Morris' benefit claim but that Sun Life retained the discretion and authority to make all final decisions regarding her entitlement to benefits.  The defendants deny the remaining allegations of paragraph 24.

25.     Paragraph 25 contains a contention of law to which no response is required.  To the extent it contains any allegations of fact, the Plan, referenced in paragraph 25, speaks for itself and therefore no further answer is required to these allegations.  The defendants deny the allegations of paragraph 25.

26.     The defendants admit that Dr. Robert Y. Pick, M.D. performed a medical review of Ms. Morris' claim but that Sun Life considered the entire file, including Dr. Pick's review in making its benefit decision.  The defendants deny the remaining allegations of paragraph 26.

27.     The defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 27.

28.     The defendants admit that Dr. Robert Y. Pick was located through Network Medical Review.  The defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 28.

29.     The defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 29.

30.     The defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 29.

31.     The defendants deny the allegations in paragraph 31.

32.     The defendants admit that Dr. Henry DeGroot, M.D. examined Ms. Morris, that he concluded that she could work full-time, and that Sun Life considered the entire file, including Dr. DeGroot's opinion in making its benefit determination.  The defendants deny the remaining allegations of paragraph 32.

33.     The defendants deny the allegations of paragraph 33.

34.     The defendants admit the allegations of paragraph 34.

35.     The defendants admit that Dr. Sandra Stratford, M.D. performed a medical review of Ms. Morris' claim and that Sun Life considered the entire file, including Dr. Stratford's review in making its benefit determination.  The defendants deny the remaining allegations of paragraph 35.

36.     The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Dr. Stratford does not practice clinical medicine.  The defendants deny the remaining allegations of paragraph 36.

37.     The defendants admit the allegations of paragraph 37.

## COUNT I

38.     The defendants restate and reallege their answers to paragraphs 1 through 37 as if fully set forth herein.

39.     The defendants deny the allegations of paragraph 39.

40.     The defendants admit that Sun Life's decision to terminate and deny benefits should be reviewed under the discretionary standard of review.  The defendants deny the remaining allegations of paragraph 40.

41.     The defendants admit that the Plan grants Sun Life discretionary authority to determine benefits.  The defendants deny the remaining allegations of paragraph 41.

42.     The defendants deny the allegations in paragraph 42.

43.     The defendants deny the allegations in paragraph 43.

44.     The defendants deny the allegations in paragraph 44.

45.     The defendants deny the allegations in paragraph 45.

## COUNT II

Defendants have filed a separate Rule 12(b)(6) motion to dismiss this Count on grounds that it is preempted by ERISA.

## COUNT III

49.    The defendants restate and reallege their answers to paragraphs 1 through 48 as if fully set forth herein.

50.    The letter dated September 27, 2004 referenced in paragraph 50 speaks for itself and therefore no further response is required.

51.    The defendants deny the allegations of paragraph 51.

52.    The allegations in paragraph 52 contain contentions of law and therefor no response is required.

53.    The defendants deny the allegations of paragraph 53.

## SECOND DEFENSE

The plaintiff's complaint fails to state a claim against the defendant upon which relief can be granted.

## THIRD DEFENSE

This case is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.

## FOURTH DEFENSE

Any common law claims asserted by the plaintiff are preempted by the Employee Retirement Security Act of 1974, 29 U.S.C. §1001 et seq.

## FIFTH DEFENSE

The plaintiff is not entitled to the benefits sought pursuant to the terms of the Plan.

## SIXTH DEFENSE

The plaintiff has failed to comply with all conditions precedent and necessary to receive benefits under the terms of the Plan.

## SEVENTH DEFENSE

The decision rendered by Sun Life on the plaintiff's request for benefits was fair and reasonable in light of the information provided to Sun Life as Claims Administrator.

## EIGHTH DEFENSE

Sun Life did not carry out its duties in an arbitrary and capricious manner.

## NINTH DEFENSE

This case must be reviewed under the arbitrary and capricious standard of review.

## TENTH DEFENSE

Under ERISA plaintiff is not entitled to any extra contractual damages.

## ELEVENTH DEFENSE

The plaintiff has not made a sufficient showing to warrant an award of attorneys' fees under ERISA.

## TWELFTH DEFENSE

Sun Life's decision in this case was not arbitrary and capricious.

## THIRTEENTH DEFENSE

The Plan is not obligated to pay any future benefits in a lump sum to the plaintiff.

## FOURTEENTH DEFENSE

Plaintiff's claim is governed by ERISA, 29 U.S.C. §1132 and as such she is not entitled to a trial by jury.

## FIFTEENTH DEFENSE

In making its determination on plaintiff's appeal Sun Life has, at all relevant times, been in substantial compliance with the relevant timing and disclosure requirements set forth under ERISA and/or in the U.S. Department of Labor regulations governing such appeals.

## SIXTEENTH DEFENSE

No benefits are due to the plaintiff since she is not totally disabled as defined by the Plan.

## SEVENTEENTH DEFENSE

Sun Life fairly evaluated the plaintiff's claim for disability benefits and at all times acted in good faith in evaluating the plaintiff's claim for disability benefits.

## EIGHTEENTH DEFENSE

If benefits were ever owed to the plaintiff, such benefits have been paid, and no further benefits are owed to the plaintiff.

## NINETEENTH DEFENSE

The plaintiff's claim is barred by the terms and conditions of the Plan.

## TWENTIETH DEFENSE

Sun Life did not carry out its duties in an arbitrary and capricious manner.

## TWENTY-FIRST DEFENSE

The plaintiff's claim is barred by the applicable statute of limitations and the limitations provisions in the long-term disability plan.

WHEREFORE, the defendants demand that the plaintiff's Complaint be dismissed and judgment thereon be entered in favor of the defendants, together with an award of costs.

SUN LIFE ASSURANCE COMPANY OF
CANADA, SUN LIFE ASSURANCE
COMPANY OF CANADA US
EMPLOYEES GROUP LONG TERM
DISABILITY INSURANCE PLAN, AND
JHA, INC.

By its attorneys,


/s/ Kristina H. Allaire
Joan O. Vorster, Esq., BBO #550375
Kristina H. Allaire, Esq., BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: September 21, 2005

## CERTIFICATE OF SERVICE

I, Kristina H. Allaire, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Jonathan M. Feigenbaum, Esq., Phillips & Angley, One Bowdoin Square, Boston, MA 02114.


/s/ Kristina H. Allaire
Kristina H. Allaire, Esq.

Dated: September 21, 2005