UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAUREL MORRIS,<br>       Plaintiff<br><br>V.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA; SUN LIFE ASSURANCE COMPANY OF CANADA US EMPLOYEES GROUP LONG TERM DISABILITY INSURANCE PLAN; AND JHA, INC.,<br>       Defendant | CIVIL ACTION NO. 05-11735-PBS |

**JOINT STATEMENT REGARDING PRETRIAL MATTERS**

Pursuant to Local Rule 16.1, the Defendants, Sun Life Assurance Company of Canada; Sun Life Assurance Company of Canada US Employees Group Long Term Disability Insurance Plan; and JHA, Inc. ("Defendants"), and the Plaintiff, Lauren Morris ("Plaintiff") hereby file this Joint Statement Regarding Pretrial Matters.

1.      Proposed Discovery Plan and Schedule for Motions

The parties propose the schedule set forth below for consideration by the Court.  The parties do not wish to conduct phased discovery.

        a.      Insofar as this matter solely concerns the Court's review of a claim for benefits and penalties under ERISA, the Defendants will provide to Plaintiff on or before November 11, 2005, a copy of the Record for Judicial Review.

        b.      The parties have agreed to mediate this case and have scheduled a mediation to take place on December 22, 2005.

     c.     If the case does not resolve at mediation, Motions to join or dismiss parties and to amend the pleadings must be filed by January 6, 2006.

     d.     If the Plaintiff claims that the record is incomplete, he must notify the Defendants' counsel in writing of the same by January 6, 2006. If the Plaintiff does not provide such notice by January 6, 2006, then Defendants shall file with the Court each of the documents served on Plaintiff entitled as "Agreed to Record for Judicial Review." If the Plaintiff does provide such notice, then the parties must then confer in an attempt to ascertain an Agreed To Record for Judicial Review by January 20, 2006. If the parties come to an agreement, they will file an "Agreed To Record For Judicial Review" no later than January 27, 2006. If the parties cannot agree on the record for judicial review, then the parties shall file with the Court by January 27, 2006, a document entitled "Partial Record for Judicial Review" which contains only that portion of the record on which the parties agree. To the extent the parties disagree concerning the proper contents of the record for judicial review, the parties shall file memoranda concerning any additional material they seek to have added to the record for judicial review by February 10, 2006.

     e.     If the Plaintiff wishes to contest the application of the arbitrary and capricious standard of review to this case, she must file a motion to that effect by February 10, 2006. Defendants shall have three weeks from the service of this motion to file an opposition thereto.

     f.     If any party proposes that it is entitled to any discovery, to constitute or supplement the record for judicial review, it must file with the Court a submission showing cause for the party's entitlement to such discovery. The Court expects a reasonable degree of particularity as to what discovery is sought and why reason exists to expect that the product of discovery would be properly received in evidence and would be material to the disposition of

this civil action. Any requests for discovery must be filed by February 10, 2006. Counsel to any party not proposing discovery shall have three weeks from service of a request for discovery to file an opposition thereto.

    g.    If any party proposes that it is entitled to an evidentiary hearing necessary to supplement the record for judicial review, it must file with the Court a submission showing cause for its entitlement to such evidentiary hearing. The Court expects a reasonable degree of particularity as to what reason exists to expect that the product of the evidentiary hearing would be material to the disposition of this civil action. Any request for such evidentiary hearing must be filed by February 10, 2006. Counsel to any party not proposing the evidentiary hearing shall have three weeks from the service of a request for such a hearing to file an opposition thereto.

    h.    Insofar as this matter involves the review of a record whose content will be decided based on the methodology set forth herein, the parties are relieved on any mandatory disclosure requirements under Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

    i.    Cross Motions for Summary Judgment with accompanying memoranda must be filed by April 10, 2006, or two months after the Court rules upon any motion filed pursuant to paragraphs (d) and (e) above regarding the availability of discovery and/or the record for judicial review. Responses and Replies to the Motions for Summary Judgment to be filed in accordance with Local Rule 7.1.

2.    The parties will file Local Rule 16.1 Certificates separately.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| LAUREL MORRIS | SUN LIFE ASSURANCE COMPANY OF CANADA, SUN LIFE ASSURANCE COMPANY OF CANADA US EMPLOYEES GROUP LONG TERM DISABILITY INSURANCE PLAN, AND JHA, INC. |
| By her attorney, | By its attorneys, |
| __/s/ Jonathan M. Feigenbaum (KHA)_____<br>Jonathan M. Feigenbaum, Esq.<br>BBO #546686<br>Phillips & Angley<br>One Bowdoin Square<br>Boston, MA 02114<br>Phone: (617) 367-8787<br>Fax:    (617) 227-8992 | /s/ Kristina H. Allaire<br>Joan O. Vorster, Esq., BBO #550375<br>Kristina H. Allaire, Esq., BBO #646001<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>100 Front Street<br>Worcester, MA 01608-1477<br>Phone: (508) 791-8500<br>Fax:    (508) 791-8502 |

Dated: November 1, 2005